# UNITED STATES DISTRICT COURT
## *for the*
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| MARKUS SCHNEIDER, | ) | Civil Action No.: |
| | ) | Honorable |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |

_____

**Marc J. Mendelson P-52798**
**Donald J. Cummings P-70969**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1816
(248) 350-9050
donald.cummings@855mikewins.com
ashley.batsikoras@855mikewins.com

_____

## **COMPLAINT**

NOW COMES Plaintiff, Markus Schneider, by and through his attorneys, Mike Morse Law Firm, and for his Complaint against the above named Defendant, United States of America, states as follows:

## INTRODUCTION

1. This is an action against Defendant, United States of America, under the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for negligence in connection with a motor vehicle accident caused by an employee of said Defendant.

2. The claims herein are brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by said Defendant's employee's and/or agent's negligence.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. (Standard Form 95 attached as Exhibit A).

4. This suit has been timely filed, in that Plaintiff timely served notice of his claims on the United States Postal Service, as an agent of Defendant, United States of America, on May 20, 2025, less than two years after the incident forming the basis of this suit.

5. Plaintiff files this Complaint pursuant to 28 U.S.C. §2401(b) after the United States Postal Service's failure to make a final disposition of Plaintiff's claim within six months of filing.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff restates each and every allegation above as if set forth fully herein.

7. Plaintiff, Markus Schneider, is and has at all times pertinent hereto, been a resident of the City of Roseville, County of Macomb, State of Michigan.

8. Defendant, United States of America, through its agency, the United States Postal Service, operates postal facilities within the southeast regions of the State of Michigan, including, but not limited to Oakland County.

9. At all relevant times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of the Department were employed by and/or acting on behalf of Defendant, United States of America. Furthermore, Defendant is responsible for the negligent acts of its employees and agent pursuant to the doctrine of respondeat superior.

10. The incident or occurrence alleged herein did occur in the City of Farmington Hills, County of Oakland, State of Michigan.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12. Venue is proper under 28 U.S.C. § 1402(b)(1) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the City of Farmington Hills, Michigan, within the Eastern District of Michigan

## FACTUAL ALLEGATIONS

13. Plaintiff restates each and every allegation above as if set forth fully herein.

14. That on or about October 7, 2024, at approximately 8:16 p.m., Plaintiff was involved in a motor vehicle collision upon Eastbound I-696 Freeway at or near the intersection of Halsted Road, in the City of Farmington Hills, Oakland County, Michigan. Plaintiff was traveling eastbound on I-696 Freeway, when he was struck by Aaron Glean James's vehicle, which was traveling eastbound on I-696 Freeway while attempting to change lanes, when Aaron Glean James failed to yield to Plaintiff's oncoming vehicle when moving from his lane of travel, failed to ascertain that movement from his lane of travel could be done with safety, operated his vehicle in excess of the posted speed limit, and failed to stop his vehicle in assured clear distance.

15. The motor vehicle accident was caused by the negligence of Aaron Glean James while driving a motor vehicle owned by Defendant, United States of America, bearing VIN number 3HSESTZR5MN240460, within the scope of his employment with Defendant.

16. Aaron Glean James failed to operate his vehicle with due care and caution and in a careful and prudent manner, failed to ascertain that movement from his lane of travel could be done with safety in violation of MCL 257.642, failed to yield to Plaintiff's vehicle, failed to stop his vehicle in an assured clear

4

distance, was operating the vehicle in excess of the posted speed limit and was operating the vehicle with willful and wanton disregard for the safety of other motorists, specifically Plaintiff, who was lawfully traveling eastbound on I-696 Freeway.

17. Aaron Glean James' failure to operate his vehicle with due care and caution, failure to ascertain that movement from his lane of travel could be done with safety, failure to yield to Plaintiff's vehicle, and failure to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within an assured clear distance vehicle while traveling eastbound on I-696 Freeway resulted in a collision, causing Plaintiff to suffer severe injuries.

## COUNT I
## CLAIM FOR TORT LIABILITY FOR NON-ECONOMIC LOSS UNDER MCL SECTION 500.3135(1)

18. Plaintiff repeats each and every allegation above as if set forth fully herein.

19. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Plaintiff, Markus Schneider, was the operator of a 2011 Mercedes-Benz motor vehicle bearing Michigan license plate number ESA1631.

20. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Aaron Glean James, while acting within the scope of his office or employment with Defendant, United States of America as a director, officer, operator, administrator, employee, agent, and/or staff of Defendant, United States of America, was the operator of a 2021 International motor vehicle bearing VIN number 3HSESTZR5MN240460.

21. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Defendant, United States of America, was the owner of the 2021 International motor vehicle bearing VIN number 3HSESTZR5MN240460, being operated by Aaron Glean James.

22. Aaron Glean James owed to Plaintiff, Markus Schneider, certain duties which Aaron Glean James, violated, and that the violation of these duties and obligations consisted of the following acts of negligence and breaches of duties owing to Plaintiff:

   (a) Violation of the duty to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1), and Defendant owner allowing the same to happen.

   (b) Violation of the operator's duty to exercise reasonable care and caution, and to observe other vehicles lawfully upon the roadway, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.

(c)     Driving the vehicle carelessly and recklessly with willful and wanton disregard for the safety and rights of others, MCL 257.626; and Defendant owner allowing the same to happen.

(d)     Violation of the duty to operate a motor vehicle so that collision with other vehicles would not ensue, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.

(e)     Violation of the duty to operate a motor vehicle in such a matter as to maintain the same under control taking into account the grade of highway, general conditions then existing, and to maintain the said vehicle so that it could safely be halted, and Defendant owner allowing the same to happen.

(f)     Violation of the duty to keep said motor vehicle under control at all times, and Defendant owner allowing the same to happen.

(g)     Violation of the duty to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626c, and Defendant owner allowing the same to happen.

(h)     Violation of the duty to keep a proper lookout for traffic conditions then and there existing, or while keeping said lookout, and failing to heed such conditions.

(i)     Operating said vehicle in a careless manner without due regard to the traffic, surface and width of the highway, weather condition, and of other conditions then existing, and Defendant owner allowing the same to happen.

    (j)    Failing to observe the highway in front of the vehicle when Aaron Glean James knew or should have known that failure to observe Plaintiff's vehicle would endanger the life or property of other persons using the roadway, and Defendant owner allowing the same to happen.

    (k)    Failing to yield to Plaintiff's vehicle in violation of MCL 257.649, and Defendant owner allowing the same to happen.

    (l)    Negligently moving from his lane of travel without first ascertaining such movement could be done with safety in violation of MCL 257.642, and Defendant owner allowing the same to happen.

    (m)    Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627, and/or other various laws, and Defendant owner allowing the same to happen.

23. Plaintiff further states and alleges that at the time and place herein before set forth, Aaron Glean James did then and there negligently, carelessly, and without due regard for the rights of Plaintiff, fail and neglect to operate the motor vehicle driven by Aaron Glean James, and owned by Defendant United States of America, as required, and as specifically set forth in the preceding paragraphs of this Complaint.

24. That the negligence and neglect of Aaron Glean James consisted of violations of the duties and requirements of the Motor Vehicle Code of the State of Michigan, as set forth in Paragraph 22 of this Complaint, and constitutes

circumstances where the United States, if a private person, would be liable to Plaintiff pursuant to 28 U.S.C. § 1346(b)(1).

25. That as a direct and proximate result of the breach of Aaron Glean James', duties, Plaintiff's vehicle was struck with great force and violence, causing Plaintiff to sustain serious and grievous injuries.

26. That as a consequence of the collision herein set forth, Plaintiff sustained injuries to his neck and back, as well as emotional trauma and injury, including, but not limited to: a disc protrusion at C3-C4 and disc herniation at C4-5 requiring an anterior cervical diskectomy surgery at C4-5 for removal of the traumatic disc herniation and decompression of the thecal sac and nerve roots and cervical disc arthroplasty, a disc herniation at C7-T1, disc protrusion at L1-L2, an extruded disc herniation with annular tear at L3-L4, an anterior wedge deformity of the L1 body, a disc herniation compressing the right L4 exiting nerve root at L4-L5 and a disc herniation at L5-S1 encroaching the bilateral S1 nerve roots, and emotional distress and injury including posttraumatic stress disorder, among others, and injuries generally throughout the entire body, and sustained injuries and aggravations to pre-existing conditions, whether known or unknown at the time.

27. That the injuries sustained by Plaintiff constitute a serious impairment of a body function, and serious and permanent disfigurement.

28. That as a result of the injuries sustained by Plaintiff, he has suffered and will continue to suffer the following:

    (a) Pain and suffering, past, present and future.
    (b) Mental anguish.
    (c) Embarrassment and shock.
    (d) Loss of normal, social and recreational activities.
    (e) Permanent injury and incapacity of disability.
    (f) Loss of wage earning capacity and future wages.
    (g) Aggravation of pre-existing conditions, whether known or unknown.

WHEREFORE, Plaintiff, Markus Schneider, requests damages against Defendant, United States of America, in whatever amount he is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

## COUNT II
## VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

29. Plaintiff repeats each and every allegation above as if set forth fully herein.

30. At all relevant times, Aaron Glean James was employed by and/or acting on behalf of Defendant, United States of America.

31. At all relevant times, Aaron Glean James was acting within his respective capacity and scope of employment with Defendant, United States of America.

32. Aaron Glean James negligently caused personal injury to Plaintiff, including both acts of omission and acts of commission.

33. As a direct and proximate result of Aaron Glean James's negligence, Plaintiff has suffered severe injuries and extensive damages, as detailed above.

34. The acts and/or omissions set forth above constitute a claim under the laws of the State of Michigan, specifically the Michigan No-Fault Insurance Act, MCL 500.3101 et seq.

35. Defendant, United States of America, is liable pursuant to 28 U.S.C. §1346(b)(1).

WHEREFORE, Plaintiff, Markus Schneider, requests damages against Defendant, United States of America, in whatever amount he is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

                                    MIKE MORSE LAW FIRM
                                    Attorneys for Plaintiff

                                    */s/ Donald J. Cummings*
                                    _____
                                    Marc J. Mendelson P-52798
                                    Donald J. Cummings P-70969
                                    24901 Northwestern Highway, Suite 700
                                    Southfield, Michigan 48075
                                    (248) 350-9050

Dated:   January 21, 2026